ZIEVE, BRODNAX & STEELE, LLP
3550 North Central Avenue, Suite 625
Phoenix, AZ 85012
Phone: (602) 282-6188
Fax: (602) 865-8086
Email: jtirello@zbslaw.com
Joseph J. Tirello, Jr., Esq. (AZ Bar #033371)
Attorneys for Freedom Mortgage Corporation
[File No. 18002791]

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>Elaine Nicole Lewis,<br><br>Debtor. | Case No. 2:18-bk-05419-DPC<br><br>Chapter 7 |
| Freedom Mortgage Corporation,<br><br>Movant,<br><br>vs.<br><br>Elaine Nicole Lewis, Debtor and Birdsell, David A., Trustee,<br><br>Respondents. | **MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY) AND ABANDONMENT OF ESTATE PROPERTY**<br><br>**PROPERTY**:<br>11744 W. Villa Hermosa Lane, Sun City, AZ 85373<br><br>**Hearing**: [*TBD pursuant to LBR 4001-1(i)*] |

Freedom Mortgage Corporation, ("MOVANT"), through undersigned counsel, moves this Court for an Order granting relief from the automatic stay of 11 U.S.C. § 362, abandonment of estate property pursuant to 11 U.S.C. §554 and any other limitations against lien enforcement against the property, rents, issues, and profits of Elaine Nicole Lewis ("Debtor"); or, in the alternative, conditioning the use, sale, or lease of such property, rents, issues, or profits as is necessary to provide MOVANT with adequate protection of its secured interest in certain real property. This court has jurisdiction of this matter under 28 U.S.C. §157(b)(2)(G). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G) and §362. The filing of this Motion commences a contested matter within the meaning of Fed. R. Bankr. P. 9014.

This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES
## FACTUAL AND PROCEDURAL SUMMARY

1. MOVANT is the holder of a promissory note, ("MOVANT Note"), made, executed, and delivered by Elaine Nicole Lewis on or about June 17, 2016 in the original sum of $255,575.00. The original holder, Freedom Mortgage Corporation dba Freedom Home Mortgage Corporation is the entity that brings this motion as such MOVANT has standing to bring this Motion. The MOVANT Note is secured by a Deed of Trust dated June 17, 2016, recorded as a lien in first position at Maricopa County Recorder's Instrument No.: 20160438372, against certain real property, ("the Property"), generally described as 11744 W. Villa Hermosa Lane, Sun City, AZ 85373 and legally described as:

> THE LAND HEREINAFTER REFERRED TO IS SITUATED IN THE CITY OF SUN CITY, COUNTY OF MARICOPA, STATE OF AZ, AND IS DESCRIBED AS FOLLOWS:
>
> LOT 45, OF CROSSRIVER UNIT 5, ACCORDING TO BOOK 706 OF MAPS, PAGE 39, RECORDS OF MARICOPA COUNTY, ARIZONA

Mortgage Electronic Registration Systems, solely as Nominee for Freedom Mortgage Corporation dba Freedom Home Mortgage Corporation assigned the Deed of Trust to MOVANT. True and correct copies of the MOVANT's Note, Deed of Trust and Assignment of the Deed of Trust are attached hereto as Exhibits '1', '2', and '3'.

2. The Debtor filed a bankruptcy petition on May 15, 2018.

3. As of June 8, 2018, the outstanding post-petition payments due under the Loan are as follows:

| Number of Payments | Payment Amount | Payment Dates | Total |
|---|---|---|---|
| 2 | $1642.27 | 12/01/2017 – 01/01/2018 | $3,284.54 |
| 5 | $1,654.81 | 02/01/2018 - 06/01/2018 | $8,274.05 |
| **Total Post-Petition Payments as of 06/08/2018:** | | | **$11,558.59** |

An additional payment will come due on July 1, 2018, and on the 1st day of each month thereafter until the Loan is paid in full.  As of June 8, 2018, the estimated payoff owing under the Note is the approximate sum of $259,876.92.

4. In accordance with the terms of the MOVANT's Note and Deed of Trust, the MOVANT's Note is in default and, accordingly, the entire unpaid principal balance together with interest, late charges, and attorney's fees and costs may be declared due.

5. In connection with the above-described default, MOVANT has incurred attorney's fees and costs to protect its secured interest.

6. Upon information and belief, there is no equity in the Property because the lien exceeds the fair market value thereof.

7. Upon information and belief, the Property is not necessary for an effective reorganization.

## LEGAL ARGUMENT

**A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2).**

Section 362(d)(2) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

   (2) with respect to a stay of an act against property under subsection (a) of this section, if –

      (A) the debtor does not have an equity in such property; and

      (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d)(2). For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984) (emphasis added). Section 362(d)(2) reflects

Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1). In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980) (emphasis added). Since a Chapter 7 case does not contemplate reorganization, the sole issue before the court when stay relief is sought under Section 362(d)(2) is whether the debtor has equity in the property. *See e.g., Nev. Nt'l Bank v. Casbul of Nev., Inc.*, 22 B.R. 65, 66 (9th Cir. BAP 1982); *Ramco Indus. v. Preuss (In re Preuss)*, 15 B.R. 896 (9th Cir. BAP 1981); *In re Dollar Associates*, 172 B.R. 945, 953 (Bankr. N.D. Cal. 1994). In determining whether there is equity in the property, all encumbrances on the property, including all costs and fees must be considered. *See In re Sun Valley Newspapers, Inc.*, 171 B.R. 71, 75 (Bankr. 9th Cir. 1994), *citing Stewart v. Gurley*, 745 F.2d 1194, 1196 (9th Cir. 1984)).

Movant is informed and believes, based on the Debtor's sworn bankruptcy schedules, that the fair market value of the Property is approximately $286,409.00. Taking into account all of the liens encumbering the Property and the reasonable costs associated with the sale of the Property, Movant maintains that Debtor's and/or the estate's equity in the Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $286,409.00 |
| Less: | |
| Movant's 1st Trust Deed | $259,876.92 |
| Customary cost of sale (8% of Value) | $22,912.72 |
| **Equity in the Property**: | **$3,619.39** |

Since there is little to no equity in the Property for the benefit of the bankruptcy estate and this is a Chapter 7 proceeding with no reorganization in prospect, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

**B. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1).**

Section 362(d)(1) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
>> (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1) (emphasis added). A lack of adequate protection is one example of "cause" for relief from stay. *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985). The lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments constitutes a lack of adequate protection. *See* e.g., *In re Mellor*, 734 F.2d 1396 (9th Cir. 1984) (citation omitted).

As previously discussed, Debtor has failed to tender periodic cash payments due and owing to Movant under the Note. This default constitutes cause under § 362(d)(1). *See e.g., In Re Hinchliffe*, 164 B.R. 45, 49 (bank. E.D. Pa. 1994). Moreover, the facts detailed herein reflect that Movant's interest in the Property is not protected by an adequate equity cushion. Based upon the foregoing, Movant submits that Debtor is unable and/or unwilling to provide adequate protection to Movant and, thus, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

## C. WAIVER OF THE 14-DAY STAY

Movant respectfully requests that this Court waive the 14-day stay as prescribed by bankruptcy rule 4001(a)(3). As indicated above, the Debtor (1) delinquent on the monthly payment obligation, (2) portions of the delinquent payments include payment to the property taxes and insurance that Movant must now advance, (3) there is no equity in the subject property beyond Movant's interest, (4) the property is not necessary for effective reorganization. Accordingly, only Movant would be harmed by the imposition of the 14-day stay on the order lifting the automatic stay. For this reason the stay should be waived.

Moreover, in the filed Statement of Intention (*See* Court Docket No.: 16, page 36, Prt. 1), the Debtor states that they intend to surrender the property associated with this motion.

# CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. That all stays, including but not limited to, any injunction, restraining order, and the automatic stay provided by 11 U.S.C. § 362 be terminated or modified to permit MOVANT, the successor Trustee to the Deed of Trust, or such persons as the Court may deem appropriate, to take any and all action necessary and appropriate to enforce MOVANT's interest against the Property, including, but not limited to, the right to declare all sums secured by the Deed of Trust to be immediately due and payable; to exercise any assignment of rents; to bring a foreclosure action in any Court of competent jurisdiction; to notice, conduct or continue a judicial foreclosure or Trustee's Sale; and to apply the proceeds therefrom as authorized by the Deed of Trust and applicable state law;

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3. The Trustee is hereby deemed to have abandoned the Property from the estate, and, therefore, the Property no longer is property of the estate pursuant to 11 U.S.C. §554.

4. That MOVANT be awarded adequate protection of its interest in the Property, more specifically that the Debtor be ordered to pay all amounts now in arrears under the Deed of Trust; maintain monthly cash payments to MOVANT equal to the regular monthly payment amount for the continued use and occupancy of the Property and to protect the interests of MOVANT; and further that MOVANT shall be granted immediate relief from the automatic stay for any failure by the Debtor to adequately protect MOVANT's interest in the Property or make the required payments;

5. That MOVANT be awarded its reasonable attorneys' fees and costs incurred herein;

6. That this Court's Order herein be binding on the Debtor with respect to any subsequent conversion to another chapter or subsequent filing of another bankruptcy petition by the Debtor which may affect MOVANT's interest in the Property; and

7. For such other and further relief as this Court deems just and equitable.

**RESPECTFULLY SUBMITTED** this 20th day of June, 2018

**ZIEVE, BRODNAX & STEELE, LLP**

/s/ Joseph J. Tirello, Jr.

Joseph J. Tirello, Jr.
Attorneys for Freedom Mortgage Corporation

Original e-filed this 20th day of June, 2018 with:

United States Bankruptcy Court
District of Arizona

Copy of the foregoing, with a copy of the proposed Order for Relief from the Automatic Stay, mailed the 20th day of June 2018 to:

Chapter 7 Trustee:
DAVID A. BIRDSELL
216 N. Center
Mesa, AZ 85201

Attorney for Debtor:
HAROLD CAMPBELL
CAMPBELL & COOMS, P.C.
1811 S. Alma School Rd.
Suite 225
Mesa, AZ 85210

Debtor:
ELAINE NICOLE LEWIS
11744 W. Villa Hermosa Lane
Sun City, AZ 85373

| | |
|---|---|
| 1 | **ABRAZO**<br>P.O. BOX 830913<br>Birmingham AL 35283-0913 |
| 2 | |
| 3 | **ARIZONA DEPARTMENT OF REVENUE**<br>P.O. BOX 29070<br>Phoenix AZ 85038 |
| 4 | |
| 5 | |
| 6 | **Bank Of America**<br>Nc4-105-03-14<br>Po Box 26012<br>Greensboro NC 27410 |
| 7 | |
| 8 | |
| 9 | **Bmw Financial Services**<br>Attn: Bankruptcy Department<br>Po Box 3608<br>Dublin OH 43016 |
| 10 | |
| 11 | **Chase Card Services**<br>Attn: Correspondence Dept<br>Po Box 15298<br>Wilmington DE 19850 |
| 12 | |
| 13 | |
| 14 | **Citibank / Sears**<br>Citicorp Credit Services/Attn: Centraliz<br>Po Box 790040<br>Saint Louis MO 63179 |
| 15 | |
| 16 | |
| 17 | **Citibank/Best Buy**<br>Citicorp Credit Srvs/Centralized Bankrup<br>Po Box 790040<br>St. Louis MO 63179 |
| 18 | |
| 19 | |
| 20 | **Citicards Cbna**<br>Citicorp Credit Svc/Centralized Bankrupt<br>Po Box 790040<br>Saint Louis MO 63179 |
| 21 | |
| 22 | **Comenity Bank/Victoria Secret**<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus OH 43218 |
| 23 | |
| 24 | |
| 25 | **CROSSRIVER HOMEOWNERS ASSOC.**<br>C/O AAM, LLC<br>1600 W. BROADWAY RD. STE. 200<br>Tempe AZ 85282-1112 |
| 26 | |
| 27 | |
| 28 | |

**DIRECTV**
P.O. BOX 78626
Phoenix AZ 85062

**DR. B'S CHILDREN'S OFFICE**
P.O. BOX 56008
Phoenix AZ 85079-6008

**Freedom Mortgage Corp**
Attn: Bankruptcy
Po Box 489
Mt Laurel NJ 08054

**Guardian Protection Services**
174 THORN HILL RD
Warrendale PA 15086

**INTERNAL REVENUE SERVICE**
P.O. BOX 7346
Philadelphia PA 19101-7346

**Mohela/Dept of Ed**
633 Spirit Dr
Chesterfield MO 63005

**Monterey Financial Svc**
4095 Avenida De La Plata
Oceanside CA 92056

**PRA Receivables Management, LLC**
PO Box 41021
Norfolk, VA 23541

**Revenue Enterprises LLC**
P.O. Box 441368
Aurora CO 80044

**Syncb/ccdstr**
Po Box 96060
Orlando FL 32896

**Syncb/mohawk Color Ctr**
Po Box 96060
Orlando FL 32896

**Syncb/Toys R Us**
Attn: Bankruptcy
Po Box 965060
Orlando FL 32896

**Synchrony Bank/Gap**
Attn: Bankruptcy
Po Box 965060
Orlando FL 32896

**Truwest Credit Union**
1667 N Priest Dr
Tempe AZ 85281

**Visa Dept Store National Bank/Macy's**
Attn: Bankruptcy
Po Box 8053
Mason OH 45040

**Wells Fargo Dealer Services**
Attn: Bankruptcy
Po Box 19657
Irvine CA 92623